IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:11-CV-260-FL

| | |
|---|---|
| STEVE KEHRER and MIKE A. BEACHAM, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) ORDER |
| JEFFREY FIELDS; MICHAEL FIELDS; RILEY CRANSTON; STUART HICKS; JOHN DOE and JOHN DOE,[1] | ) ) ) ) ) |
| Defendants. | ) |

This matter comes before the court on defendant Riley Cranston's ("defendant Cranston") and defendant Jeffrey Fields' (" defendant Fields") motion to dismiss for lack of personal jurisdiction (DE # 5). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones entered a memorandum and recommendation ("M&R") wherein he recommends that the court allow in part and deny in part defendants' motion. Defendant Fields timely filed objection to the M&R. In this posture, the issues raised are ripe for ruling. For the reasons that follow, the court adopts the findings and recommendation of the magistrate judge.

---

[1] Pursuant to order entered December 1, 2011, lodged on the docket at entry 20, defendants Michael Fields and Stuart Hicks have been dismissed from this action.

**BACKGROUND**

Plaintiffs filed complaint in Wake County Superior Court in April 2011. The complaint alleged five causes of action, including libel and slander, punitive damages, tortious interference with business relationships, unfair and deceptive trade practices, and conversion. The factual allegations in the complaint are described in detail in the M&R and no party objects to the magistrate judge's recital of the pertinent facts. (See M&R 2-8.) As such, the court adopts the facts as laid out in the M&R and incorporates the same by reference.

The case was removed to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. On May 31, 2011, in lieu of filing an answer, defendants Cranston and Fields filed the instant motion to dismiss on the grounds that this court lacks personal jurisdiction over them. On December 1, 2011, the court dismissed defendants Michael Fields and Stuart Hicks where plaintiffs failed to evidence service of the complaint and summons upon those defendants as required by Rule 4(m) of the Federal Rules of Civil Procedure.

**DISCUSSION**

A.   Standard of Review

Where the court addresses a Rule 12(b)(2) motion without the benefit of evidentiary hearing, but rather relies only on the motions papers, supporting memoranda, affidavits, and pleadings, the plaintiffs' burden is simply to make a *prima facie* showing of jurisdiction. Carefirst of Maryland Inc. v. Carefirst Pregnancy Ctrs., Inc., 334 F.3d 390, 396 (4th Cir. 2003). Ultimately, the burden of proof on the plaintiff is one of preponderance of the evidence. New Wellington Fin. Corp. v. Flagship Resort Dev. Corp., 416 F.3d 290, 294 (4th Cir. 2005). In this context, the court construes the allegations in the light most favorable to the plaintiff, assumes credibility, and draws the most favorable inferences for the existence of jurisdiction. Carefirst, 334 F.3d at 396. All that is initially

required of the plaintiff to make out a *prima facie* showing of personal jurisdiction are allegations that such jurisdiction exists. Clark v. Remark, 993 F.2d 228, 1993 WL 134616 at *2 (4th Cir. 1993).

The plaintiffs may not rest on mere jurisdictional allegations where defendants have countered those allegations with evidence that jurisdiction does not exist. Id. (citing Barclays Leasing v. Nat'l Bus. Sys., 750 F.Supp. 184, 186 (W.D.N.C. 1990)). Rather, plaintiffs must come forward with affidavits or other evidence to counter defendants' arguments, and once both parties have presented evidence, factual conflicts are resolved in favor of the party asserting jurisdiction. Id. In construing the pleadings, affidavits, and other supporting documents in the light most favorable to plaintiffs, the court does not "credit conclusory allegations or draw farfetched inferences." Masselli & Lane, P.C. v. Miller & Schuh, P.A., 2000 WL 691100, at *1 (4th Cir. 2000) (citations omitted).

Defendants' motion to dismiss is before the court with benefit of the magistrate judge's analysis. Upon a careful review of the M&R, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Because no objections have been filed, the court reviews the magistrate judge's findings and conclusions only for clear error, and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

B. Analysis

Defendant Fields lodges a single objection to the M&R which asserts that the magistrate judge erred by failing to conduct an independent inquiry into whether defendant Fields' contacts with North Carolina satisfy the state's long-arm statute and, "instead, decided that the long arm inquiry 'collapse[s] into a single inquiry as to whether the defendants has [sic]' the necessary

minimum contacts with North Carolina to satisfy the due process clause." (Def. Fields' Obj. 1.)

The magistrate judge conducted a thorough inquiry of the legal standard for establishing personal jurisdiction over a non-resident defendant and correctly applied that standard to defendant Fields. Specifically, the court points out that the M&R notes that there is a "two part test in establishing that the court has personal jurisdiction over a nonresident defendant" which test includes first authorizing jurisdiction pursuant to the state's long-arm statute and secondly ensuring that the exercise of jurisdiction is consistent with due process. (M&R 10.) The magistrate judge then engaged in a lengthy discussion of North Carolina's long-arm statute, and determined that N.C. Gen. Stat. § 1-75.4(3) is the applicable section of the statute which authorizes jurisdiction in this case. (See M&R 11.) Section 75.4(3) provides that a North Carolina court has jurisdiction over a person served in an action "[i]n any action claiming injury to a person or property or for wrongful death within or without this State arising out of an act or omission within this State by the defendant." N.C. Gen. Stat. § 1-75.4(3). Defendant Fields does not object to this determination, or that § 1-75.4(3) is the pertinent subsection of the statute.

The magistrate judge noted, however, that the Fourth Circuit has observed that the dual jurisdictional requirements of the North Carolina long arm statute and due process "collapse into a single inquiry as to whether the defendant has such 'minimal contacts' with the forum state" that maintenance of the suit does not offend "traditional notions of fair play and substantial justice." Christian Science Bd. of Directors, 259 F.3d 209, 215 (4th Cir. 2001) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The magistrate judge went on to analyze plaintiffs' claims against defendant Fields and defendant Cranston, finding that plaintiffs made a *prima facie* showing of specific jurisdiction as to their defamation claim and claim for tortious interference with

contractual relations against defendant Fields.[2] Specifically, the magistrate judge found that defendant Fields' call to plaintiff Beacham's pastor who was located in North Carolina constituted an accusation of moral turpitude sufficient to demonstrate a claim of libel and slander under North Carolina law that was plausible on its face. Additionally, the court found that plaintiffs satisfied their *prima facie* showing of personal jurisdiction over defendant Fields as to the tort of interference with contractual relations.

Defendant Fields cites a North Carolina Court of Appeals case interpreting a North Carolina Supreme Court case, suggesting that collapsing the inquiry of personal jurisdiction as described in Christian Science is improper under North Carolina law. See Speedway Motorsports Int'l Ltd. v. Bronwen Energy Trading, Ltd., 707 S.E.2d 385, 394 (N.C. Ct. App. Feb. 15, 2011) (citing Brown v. Ellis, 363 N.C. 360, 363, 678 S.E.2d 222, 223 (2009)). The court finds defendant Fields' objection to be without merit because the magistrate judge's analysis effectively cited the applicable portion of the North Carolina long-arm statute, § 1-75.4(3), and then proceeded to find that under the statute defendant Fields engaged in conduct occurring in North Carolina that on its face established a *prima facie* case for both libel and slander under North Carolina law as well as tortious interference with contractual relations. (See M&R 14-18.) Defendant Fields lodges no specific objection to the magistrate judge's analysis of plaintiffs' *prima facie* showing of a claim of libel and

---

[2] A court exercises specific jurisdiction over a defendant in a suit arising from or related to a defendant's contacts with the forum. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.8 (1984).

slander against defendant Fields or as to the magistrate judge's analysis regarding plaintiffs' claim of tortious interference with contractual relations.[3] The court finds that the magistrate judge analyzed whether personal jurisdiction existed under the long-arm statute and then finding that jurisdiction did exist, appropriately analyzed whether the exercise of personal jurisdiction would comport with the due process clause. Accordingly, defendant Fields' objection is overruled.

## CONCLUSION

In sum, the magistrate judge recommends allowing in part and denying part defendant Cranston's and defendant Fields' motion to dismiss, specifically allowing defendant Cranston's motion to dismiss and denying defendant Fields' motion to dismiss for lack of personal jurisdiction. Upon considered review of the M&R, the court finds that the conclusions reached by the magistrate judge are supported by controlling case law as applied to the facts of this case. As such, the court ADOPTS in full the findings and recommendations of the magistrate judge. Accordingly, defendants' motion to dismiss (DE # 5) is ALLOWED in part as to defendant Cranston and DENIED without prejudice in part as to defendant Fields.

The court's review of the docket reveals that no case management order has been entered in this case pending resolution of the instant motion, however motion to withdrawal by defendants' counsel is currently pending and is not yet ripe. As such, after decision is made on the motion to withdrawal, the court will enter such further order as is necessary to promote efficient resolution of

---

[3] Defendant Fields offers no argument that his alleged actions forming the basis for the claims for libel and slander and tortious interference with contractual relations are not local acts falling under § 1-75.4(3). Defendant Fields allegedly made defamatory and slanderous phone calls to plaintiff Beacham's pastor who was located in North Carolina and allegedly interfered with plaintiffs' business by making disparaging and false statements about plaintiffs to prospective clients who were in North Carolina. The tort of libel and slander is generally held to occur wherever the offending material is circulated. See Saxon v. Smith, 125 N.C. App. 163, 170, 479 S.E.2d 788, 792-93 (1997) (citing Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 777 (1984)). Additionally, a claim of action for tortious interference with contract has also been considered a local act or omission for purposes of personal jurisdiction in North Carolina. See N.C. Mut. Life Ins. Co. v. McKinley Fin. Serv., Inc., 386 F.Supp. 2d 648, 655 (M.D.N.C. 2005). Accordingly, plaintiffs have satisfied their *prima facie* showing of personal jurisdiction over defendant Fields.

this matter, including entering initial order directing the parties to hold conference pursuant to Rule 26(f) and submit to the court a joint report and plan.

SO ORDERED, this the 8th day of January, 2012.

_____
LOUISE W. FLANAGAN
United States District Court Judge